## STATE COURT OF APPEALS—Continued

No. 242
### SUTLIFF v. HALL
Ohio Appeals, 9th Dist., Lorain Co.
No. 303. Decided Nov. 1, 1924.

**787. MORTGAGES—Purchase money mortgage, cancelled on reconveyance by mortgagor, held extinguished and not subrogatable against junior lien attaching during mortgagor's possession.**

**1229. VENDOR AND PURCHASER—Vendor's lien is waived by any act showing no intention to retain it—accepting mortgage not per se waiver.**

WASHBURN, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

Hall owned a farm which he sold to Rofe. Rofe paid a part of the purchase price and gave Hall a mortgage for the balance, and went into possession. Sutliff recovered a judgment against Rofe which he was in possession, which became a lien upon the property by operation of law. Later Rofe, unable to pay his mortgage, entered into an agreement with Hall by which Rofe transferred the farm back to Hall and gave to Hall certain personal property belonging to Rofe, in consideration of which Hall surrendered to Rofe the promissory note secured by the mortgage and duly cancelled the mortgage of record.

Thereafter Sutliff brought suit to marshall liens upon the property and for a sale of the premises for the satisfaction of his judgment Hall claims a vendor's lien upon the premises for the unpaid portion of the purchase price and also claims that at the time Hall received his deed from Rofe and cancelled his note, Rofe had no equity in the farm. The trial court found that Sutliff had a first lien on the premises. On appeal the decree of the lower court was affirmed, holding:

1. A purchaser of mortgaged premises who pays the mortgage extinguishes the lien and cannot claim subrogation of the mortgagee's lien to the prejudice of a junior lien claimant.

2. The application of the above rule applies when the purchaser is also the person to whom such mortgage was given.

3. The taking of a mortgage upon the land sold is not in and of itself a waiver of the vendor's lien.

4. The taking of additional security for the balance due of the purchase price waives the vendor's lien.

5. The equitable lien of the vendor of land for unpaid purchase money is waived by an act of the parties showing that the lien is not intended to be retained.

Attorneys—Rudin & Keech, Elyria, for Sutliff; R. L. Walden, Wellington, for Hall.

No. 243
### BATES v. BATES
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1212. Decided Jan. 19, 1925.
Washburn, Funk and Pardee, JJ., sitting by designation.

**465. ERROR—Jurisdiction to review judgment, not acquired by Court of Appeals when supplemental petition in error is not filed within 70 days after its rendition.**

WASHBURN, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

Mary Bates brought suit in the Franklin Common Pleas to obtain a divorce from Wesley Bates. On March 25, 1924, while the case was pending, and after trial was had, and the court had announced the decision in favor of Mrs. Bates, and while motion for new trial filed by Bates was pending, and when there was no judgment disposing of the case in the Common Pleas, a petition in error was filed in the Court of Appeals by Bates and service of process was had upon Mrs. Bates. There being no judgment in the Common Pleas the Court of Appeals did not acquire jurisdiction to review the case. Arbuckle v. American Belting Co., 91 OS. 415.

Judgment was given for Mrs. Bates June 3, 1924 and Bates filed a supplemental petition in error on Dec. 8, 1924. The Court of Appeals held that it had no jurisdiction over the supplemental petition in error because it was filed in more than 70 days after the judgment was rendered on June 3, 1924.

Attorneys—Wesley Bates for himself; Frank S. Monnett, for Mrs. Bates; both of Columbus.